OPINION OF THE COURT
Leona Freedman, J.
Motion to dismiss the instant holdover petition is granted pursuant to CPLR 3211 (subd [a], par 7) on the ground that the statutory authority for subdivision B of section 54 of the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code) has been repealed by section 6 of chapter 555 of the Laws of 1982.* The good-faith intention of individual owners to recover possession of an apartment for their personal use or for the use of their immediate family can no longer serve as a basis for eviction or for refusing to offer a renewal lease to rent-stabilized tenants.
The Rent Stabilization Law of 1969 (Administrative Code of City of New York, §§ YY51-1.0 — YY51-8.0) and the Emergency Tenant Protection Act of 1974 (L 1974, ch *659 576, § 4) set forth the guidelines for the promulgation of rent rules and regulations by the Rent Stabilization Association. Section YY51-6.0 (subd c, par [9]) of the Administrative Code (Local Laws, 1974, No. 1 of City of New York) provides that “an owner shall not refuse to renew a lease except where he intends in good faith to demolish the building * * * or where he has submitted * * * an offering plan to convert the building to cooperative or condominium ownership * * * and on specified grounds set forth in the code [Rent Stabilization Code! approved by the housing and development administration consistent with the purpose of this law” (emphasis added). Pursuant to this section of the Administrative Code, the Real Estate Industry Stabilization Association of New York City, Inc., adopted subdivision B of section 54 of the Rent Stabilization Code.
Petitioner commenced the instant proceeding pursuant to subdivision B of section 54 on December 7, 1982. The authority for this section of the code, specifically the last provision of section YY51-6.0 (subd c, par [9]) of the Administrative Code underscored above (Alden v Callahan, 65 Misc 2d 183; see De Santis v Randolph, 103 Misc 2d 573, 577) was repealed on July 20, 1982 pursuant to sections 6 and 10 of chapter 555 of the Laws of 1982. The two new paragraphs which were added, (9) and (9-a), retain, as amended, the first two specified grounds for nonrenewal, plans for demolition and conversions to co-operative and condominium ownership. However, the third or discretionary provision for nonrenewal, delegating to the Rent Stabilization Association, with the approval of the Housing and Development Administration, the power to enact provisions not inconsistent with the Rent Stabilization Law, is eliminated by the failure to re-enact it.
Any speculation about whether the Legislature “intended” this result or “made a mistake” (see, e.g., Rent-Stabilization Changes Curb Grounds for Eviction, NYLJ, Jan. 18,1983, p 1, col 2), is not properly entertained by this court. The language of repeal and amendment, in the text of the act is plain. Also, chapter 555 is introduced in pertinent part as “an act to amend * * * the administrative code of the city of New York * * * and repealing * * * paragraph nine of subdivision c of section YY51-6.0 of the *660 administrative code”. There is no ambiguity or occasion to resort to extrinsic evidence to discover legislative intent or to enlarge or restrict the plain meaning of the legislation (see City of Buffalo v Roadway Tr. Co., 303 NY 453; Maidman v Roth, 17 Misc 2d 778).

 Unlike subdivision B of section 54, subdivision E of section 54 (which states that an owner may refuse to offer a renewal lease when an apartment is not occupied as a rent-stabilized tenant’s primary residence), remains in full force and effect since independent statutory authority, apart from the Administrative Code of the City of New York, exists for this provision: section 2 of chapter 373 of the Laws of 1971, amending the Local Emergency Rent Control Act of 1962 (L 1962, ch 21, 8 1, subd 5), provides that “no local law or ordinance shall subject to * * * regulation and control any housing accommodation which is not occupied by the tenant in possession as his primary residence”. It was under the authority of the Rent Control Act of 1962 that the City Council enacted the Rent Stabilization Law of 1969 and the Emergency Tenant Protection Act of 1974.