OPINION OF THE COURT
David B. Saxe, J.
The respondent tenant has made a motion to dismiss this holdover proceeding on the ground that no termination notice or 30-day notice was served upon him. The landlord agrees that none was served but claims it was unnecessary. This holdover proceeding was brought on the ground that the owner is seeking in good faith to recover possession of the tenant’s apartment for his own personal use and occupancy and for the use and occupancy of his immediate family pursuant to subdivision B of section 54 of the Code of the Rent Stabilization Association of New York City, Inc. (Code). The tenant’s lease for the premises expired on October 31, 1981. For every month beginning November 1, 1981 through November 30,1982, the tenant tendered and the landlord accepted rent. It is the tenant’s contention that after the lease for a term expired, the tenant, by virtue of monthly rent payments, became a month-to-month tenant for which a 30-day notice was required to be served (Real Property Law, § 232-a), and since none was given, the petition is jurisdictionally defective. (See 3 Rasch, New York Landlord & Tenant, Summary Proceedings [2d ed], § 1271.)
It is not necessary to determine the nature of the respondent’s tenancy after his lease expired.
*117 The fact, however, is that the Code section of the statute upon which the petitioner relies in this proceeding no longer exists. It appears that the Legislature enacted a new section 54 of the Rent Stabilization Code this past year (dealing with co-operative conversions), that additionally repealed the prior subdivision B of section 54 of the Code. (See L 1982, ch 555.) Thus, as of the effective date of the enactment, July 20, 1982, landlords no longer had a statutory right to refuse to renew leases on the ground that the rent-stabilized unit(s) are sought for their own use or for the use of members of their immediate family. Although it seems likely that the repeal of the old subdivision B of section 54 was accomplished through legislative inadvertence or oversight (see Fox, Rent-Stabilization Changes Curb'Grounds for Eviction, NYLJ, Jan. 18, 1983, p 1), it is not within the court’s province to assume the existence of error and change the plain language of a statute to make it conform to a supposed intent. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 362; see, also, Kamm v Drake, 117 Misc 2d 658 [Leona Freedman, J.].)
Since there is no longer any statutory authority for commencing a holdover proceeding on the grounds alleged here, the petition dated November 8, 1982, is therefore dismissed.