■ ROMANO ROSAPINA et al., Respondents, v JUDITH A. MONACO, Appellant. — Order, Appellate Term, First Department entered October 15, 1981, which modified an order of the Civil Court, New York County (Ralph Waldo Sparks, J.), entered March 27, 1981, dismissing the landlord's holdover petition, without prejudice, the Appellate Term remitting the matter to the trial court pursuant to CPLR 4404 (subd [b]), to take additional testimony as to when the landlord formed an intention to occupy the tenant's apartment for his own use, unanimously reversed, on the law and the facts, without costs or disbursements, and the holdover petition dismissed, with prejudice. On review of the record, we find dispositive the failure of the landlord to meet his burden of establishing at trial sufficient evidence to support the refusal to renew the lease as of the time when the tenant's right to renewal accrued, namely, within 150-120 days of the expiration of the renewal term on November 30, 1980 (Code of Rent Stabilization Association of New York City, Inc., § 54, subd B;

§ 60; *Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757; *Short v Graves,* 109 Misc 2d 672). While the landlord allegedly seeks to occupy the apartment for his own use and, for that reason, did not offer a renewal lease, the record is clear that the landlord did not formulate the requisite intention within the period 150-120 days prior to the expiration of the lease, at which point the tenant's right to a renewal accrued. It is undisputed that petitioner did not notify the tenant until October, 1980, 30 days prior to expiration of the lease term, that the lease would not be renewed. Concededly, the landlord did not physically leave his former marital abode until September, 1980, although he claims in an affidavit that he had decided on a separation in July of that year. There was no testimony to this effect at trial. The attempt, both at the Appellate Term and on this appeal, to rely upon the formulation of an earlier intention to occupy the subject apartment for his own use has no evidentiary support. Moreover, the landlord did not appeal from the determination reached in the Civil Court and, on the tenant's appeal to the Appellate Term, that court improperly remanded the matter to the trial court for a limited trial as to the point in time when the landlord formed an intent to use the subject apartment for his own use. Aside from the fact that there was no basis for the remittitur to take additional testimony on a limited issue, the disposition by the Appellate Term afforded the landlord relief to which he was not entitled as a nonappealing party. Having failed to establish upon the trial the ground relied upon for the refusal to renew the lease, the holdover petition should have been dismissed, with prejudice. This disposition, however, shall have no bearing upon any action, based upon subsequent events, which the landlord may deem advisable. Concur — Ross, J. P., Carro, Fein, Lynch and Kassal, JJ.