OPINION OF THE COURT
Lewis R. Friedman, J.
This case presents an issue of first impression — the effect of the 1983 amendments to the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq.) with respect to nonrenewal of a lease to permit owner-occupancy.
The facts on this motion to dismiss. the petition are straightforward. The respondent tenant’s lease in his rent-stabilized apartment expired by its terms on February 28, 1983. The petitioners failed to tender a renewal lease as required by section 60 of the Code of the Rent Stabilization Association of New York City, Inc. (RSC) on the grounds that “they seek possession of the premises for the use and occupancy of their immediate family and themselves.” The petition was filed on June 24, 1983. The motion to dismiss asserts that the authority for “owner-occupancy” nonrenewals of a lease was repealed by chapter 555 of the Laws of 1982.
The law in this court is well settled that section 6 of chapter 555, effective July 20,1982, repealed the authority *479 for nonrenewal of a rent-stabilized lease where the owner seeks to occupy the apartment. That is, by repealing section YY51-6.0 (subd c, par [9]) of the Administrative Code and re-enacting it without any reference to the RSC the Legislature removed the statutory basis for the nonrenewal of a lease under subdivision B of section 54 of the RSC on the grounds of prospective owner-occupancy. (See, e.g., Kamm v Drake, 117 Misc 2d 658; Kamm v Cotton, NYLJ March 30, 1983, p 13, col 4; Bauer v Zafirau, NYLJ, April 26, 1983, p 12, col 1.) The Conciliation and Appeals Board has followed the court’s interpretation. (Gambe v Marx [opn No. 26,385], “the owner may no longer refuse a renewal lease for the owner’s own use and occupancy”.) Under the authorities the petition should have been dismissed without lengthy discussion.
In chapter 403 of the Laws of 1983 the Legislature, effective June 30, 1983, revised the rent-stabilization system. Section 50 of that law enacted a new section YY51-6.0 (subd c, par [9], cl [b]) of the Administrative Code. That subdivision permits the nonrenewal of a lease if owners in good faith intend occupancy of the apartment for their own use or for use by their immediate family as a principal place of residence. There are various limitations and restrictions imposed on owner-occupancies. The petitioners assert that new section YY51-6.0 (subd c, par [9], cl [b]) gives them authority for this proceeding. The court concludes that they are wrong.
At the time this holdover proceeding was commenced, the petitioners had already violated the law by refusing to provide a renewal lease to respondent. The respondent was clearly entitled to a renewal lease. The court or the Conciliation and Appeals Board would have required it had a proceeding been brought. The petitioners would receive an unwarranted benefit by their improper acts and delays in the court if the new provisions are applicable to this case. The Appellate Term recently held that a new owner may not benefit from the nonrenewal by the prior owner “[I]f there had been requisite compliance by the predecessor-in-interest, tenant would have been in possession under the lease at the time petitioner purported to terminate (see Simon v Elkin, NYLJ, April 26, 1976, p 6, col 1).” (Fried *480 man v Babic, 118 Misc 2d 565, 566.) Had a renewal been issued to respondent here when it was required, this proceeding would not be brought.
An analysis of chapter 403 of the Laws of 1983 reveals that although the Legislature made various other sections retroactive, section 50 is effective only on June 30, 1983. Thus compare section 37 which amends section 226-b of the Real Property Law retroactively to all pending actions and proceedings and section 39 of chapter 403 which adds section 235-f of the Real Property Law which appears to apply retroactively to a pending lease with section 50 or the various sections such as 40, 42, and 48 given effective dates after June 30. Thus, it is plain that the Legislature evidenced no intent that section 50 apply to leases that should have been renewed previously.
The petitioner offers no reasons for the application of section 50 to leases which have not been renewed as was required by the relevant law. Even if the Legislature had clearly evidenced an intent to apply section 50 retroactively, there would be a serious question of constitutionality since the tenant would have already acquired a vested property right to a renewal lease.
Motion to dismiss is granted.