OPINION OF THE COURT
Nat H. Hentel, J.
Timing is everything! Respondent was in the right apartment at the right time. A lucky break indeed!
Petitioner landlord seeks possession in this holdover proceeding of a rent-stabilized apartment occupied by respondent under a lease which had expired July 31, 1983. The holdover proceeding was commenced on August 17, 1983, by the filing of the petition herein.
Petitioner failed to offer a renewal lease during the 150-to' 120-day period preceding the lease expiration date as required under section 60 of the Code of the Rent Stabilization Association of New York City, Inc. (the RSC), because he sought possession of tenant’s apartment for the use and occupancy of his immediate family (his daughter and prospective son-in-law), under subdivision B of section 54 of the RSC. Respondent asserts that the section 54 nonrenewal of a lease provision was repealed during the time of respondent’s right to receive an offer of a renewal lease (March 3, 1983 to April 2, 1983), and that petitioner thus had no cause of action for his removal.
*382 Effective July 20, 1982, the Legislature repealed section YY51-6.0 (subd c, par [9]) of the Administrative Code of the City of New York and re-enacted it without any reference to the ESC, thereby eliminating the statutory basis for the nonrenewal of a lease under subdivision B of section 54 of the ESC on the grounds of owner and/or immediate family occupancy. (See Kamm v Drake, 117 Misc 2d 658; Reilly v Labovsky, 120 Misc 2d 478.) Effective June 30, 1983 (L 1983, ch 403, § 50), a period of some 11 months later, the Legislature replaced section YY51-6.0 (subd c, par [9]) with section YY51-6.0 (subd c, par [9], cl [b]) thereby permitting the nonrenewal of a lease if owners in good faith intend occupancy of the apartment for their own personal use or use by immediate family as a principal place of residence.
The issue of whether respondent’s right to his apartment under rent stabilization accrued on the date of the lease’s expiration, or during the statutory time period for the offer of a renewal lease is crucial to the determination of his proceeding.
Petitioner claims that the right to a renewal lease under the ESC vests in the tenant at the expiration of the lease term, which, under these facts, was on July 31,1983, when the new law governing the nonrenewal of a lease was in effect; and further, that the new law contained an amendment closing “the gap” between July 20, 1982, when the old law governing nonrenewal was repealed, and June 30, 1983, when the new law was enacted. A review of the recently enacted legislation produces no evidence of intent upon the part of the Legislature to make the new section of the ESC apply retroactively to the date of repeal of the old law (July 20, 1982), or to fill the void created by what amounted to admittedly an inadvertent omission of this section by the Legislature. (See Reilly v Labovsky, supra.)
Respondent contends that his right to the apartment accrued during the time he was entitled to an offer of a renewal lease as mandated by the Legislature. Section 60 of the ESC provides that landlord shall notify tenant of the termination of the lease term, and the offer to renew not more than 150 days and not less than 120 days prior to the end of the lease term. The Court of Appeals affirmed *383 tenant’s right to a renewal lease as vesting in that period of 150 to 120 days prior to the termination of the lease, during which time landlord is required to offer and tenant is entitled to receive an offer of a renewal lease becoming effective at the expiration of the old lease term. (Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, affd 58 NY2d 952.)
Under the facts in this proceeding, this court finds respondent’s right to a renewal of the lease and his right to occupy the apartment had accrued after the repeal of the statutory authority for nonrenewal of leases, and prior to the enactment of the new law providing once again for such nonrenewals. When a landlord fails to sustain the burden of proving grounds for removal as having existed when a tenant’s right to a renewal lease had vested, the landlord then has no grounds for the nonrenewal of the lease, and respondent may not be stripped of his right to such renewal. (Short v Graves, 109 Misc 2d 672.) Therefore, petitioner must now offer respondent a renewal lease as of current date pursuant to law, and may not recover the apartment for personal use at this time. Holdover petition is dismissed.