(February 13, 1986)

■ In the Matter of SIDNEY REICHMAN, Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Respondent. ROBERT MOORE, Third-Party Appellant, v SIDNEY REICHMAN et al., Third-Party Respondents.—Order of the Supreme Court, New York County (David B. Saxe, J.), entered May 28, 1985, which granted third-party petitioner Moore's application to intervene, granted reargument of petitioner Reichman's prior application to annul the determination of the Conciliation and Appeals Board dated April 14, 1983, which had been granted on February 7, 1984, and, upon reargument, adhered to the court's February 7, 1984 decision, modified, on the law and facts, the matter remanded to the New York State Division of Housing and Community Renewal for hearing and determination in accordance with the following memorandum, and otherwise affirmed, without costs or disbursements.

Petitioner Sidney Reichman is the owner and landlord of

premises located at 130 West 78th Street which are subject to the Code of the Rent Stabilization Association of New York City, Inc. (Code). Intervenor Robert Moore is the tenant in apartment B-1.

On January 31, 1978, Moore took possession as tenant of the apartment pursuant to a three-year lease. By a letter of November 30, 1980, Reichman notified Moore that a renewal lease would not be offered since Reichman now needed the apartment for his personal use. The landlord specified that Moore could "continue to occupy the apartment under the terms of the expiring lease, at no increase in rent, for two additional months after the lease expires", i.e., until March 31, 1981.

Moore asserted at the Conciliation and Appeals Board (CAB) that Reichman, *inter alia,* did not give him notice of nonrenewal 120 to 150 days prior to the expiration of the lease, as required by law.

Approximately two years later, on April 14, 1983, after submission of Reichman's response to the CAB, the agency rendered its decision. The CAB found that Reichman was obligated to offer Moore a renewal lease. It reasoned that the owner's application, based on Code § 54 (B), was abrogated by changes made in Administrative Code of the City of New York § YY51-6.0 (c) (9) by Laws of 1982 (ch 555).

Special Term reversed the CAB determination as arbitrary and capricious.

Code § 54 (B), promulgated pursuant to section YY51-6.0 (c) (9), provided that an owner need not offer a renewal lease to a tenant if he seeks in good faith to recover possession of a dwelling for his own personal use and occupancy or for the use and occupancy of his immediate family.

Effective July 20, 1982, section YY51-6.0 (c) (9) was repealed and superseded by two paragraphs which solely specified demolition and eviction plan conversions as reasons for refusing to issue a renewal lease. (L 1982, ch 555, § 6.) By omitting a third provision for personal use by the landlord, authority for section 54 (B) no longer existed, thus, in effect, repealing the section.

Recognizing that the repeal was inadvertent, the Legislature passed the Omnibus Housing Act of 1983 (L 1983, ch 403), section 50 of which reinstated and redefined the personal use exception previously found in section 54 (B). The new section YY51-6.0 (c) (9), *inter alia,* requires that a landlord may refuse a renewal lease if he intends to occupy the unit as his primary

residence. Effective June 30, 1983, the amendment is silent as to its retroactive application.

Relying heavily on *Kamm v Drake* (117 Misc 2d 658), intervenor tenant contends that the CAB properly awarded him a renewal lease since the law in effect at the time of the determination did not recognize "personal use" as an exception to the rule that landlords must offer renewal leases to tenants. *(See also, Matter of St. Vincent's Hosp. v New York State Div. of Hous.,* 109 AD2d 711, and cases cited therein for the proposition that application of the law existing at the time of the administrative agency's determination of an application is proper.)

In *Kamm (supra),* a landlord commenced a holdover proceeding on December 7, 1982 to evict the tenant on the ground that he wanted the premises for his personal use. The court granted the tenant's motion to dismiss the proceeding, holding that authority for the previously recognized "personal use" had been repealed six months prior to the commencement of the proceeding. In the matter at bar, however, intervenor's complaint to the CAB was filed in January 1981, 19 months prior to enactment of the law repealing the personal use exception in July 1982. All the evidence in the dispute was presented to the CAB by mid-April 1981.

The law clearly provides that administrative delay in processing an application, whether negligent or willful, is a sufficient reason for applying the law as it existed at the time the application was filed *(Matter of Amsterdam-Manhattan Assoc. v Joy,* 42 NY2d 941; *Matter of Our Lady of Good Counsel v Ball,* 45 AD2d 66, *affd* 38 NY2d 780; *cf. Matter of St. Vincent's Hosp. v New York State Div. of Hous., supra,* where Special Term made a specific finding that the agency's delay in deciding an application was neither willful nor negligent).

The CAB rendered its decision 27 months after the complaint was filed and 24 months after all the evidence was submitted to the CAB. The law repealing the "personal use" exception went into effect six months after all the evidence had been presented to the agency. As early as April 27, 1983, petitioner landlord asserted that the agency's delay in determining the application was improper and warranted application of the pre-July 1982 law. The CAB's silence as to this allegation should be deemed an admission. Thus, the dispute should have been determined according to pre-July 1982 standards.

Although Special Term correctly ruled that the application of the state of the law at the time of the CAB determination was arbitrary and capricious, it erred in ruling that the landlord *complied* with the statute as it existed at that time.

In this case, the agency never made a ruling as to the merits but only as to the abrogation of section 54 (B). Hence, Special Term's finding that the owner complied with the law was improper and we remand for a rehearing and determination as to this issue. Concur—Murphy, P. J., Kupferman, Ross, Asch and Ellerin, JJ.