OPINION OF THE COURT
Shirley Fingerhood, J.
Petitioners, a married couple, brought this holdover proceeding to obtain possession of a rent-stabilized residential unit for use as the wife’s studio and workshop for her design business and for tutoring of her private students. The notice that the lease will not be renewed, and the affidavits in opposition to tenant’s motion to dismiss the petition, assert that the proposed use is a "personal use”, for which an owner may recover possession of a dwelling unit.
*1094 Administrative Code of the City of New York § YY51-6.0 (c) (9) permits an owner to refuse a lease "(b) where he seeks to recover possession of one or more dwelling units for his own personal use and occupancy as his primary residence in the city of New York” (emphasis added).
Respondent contends that the uses described in the notice of nonrenewal of her lease do not fall within the statutory description set forth above as they are business or professional uses. For that reason, respondent moves to dismiss the petition on the ground that the Code of the Rent Stabilization Association of New York City, Inc. vests exclusive jurisdiction over such a claim for possession in the New York State Division of Housing and Community Renewal.
I agree that the uses specified in petitioner’s notice are not for personal use as her primary residence. Accordingly, I address the legal issue, i.e., the status of a claim for possession for business use under the Rent Stabilization Law of 1969, as amended by the Omnibus Housing Act of 1983.
The Code of the Rent Stabilization Association of New York City, Inc. (Code) § 54, promulgated pursuant to the Rent Stabilization Law of 1969, set forth the grounds upon which a landlord was permitted to refuse to renew a tenant’s lease. Amongst them was that:
"(D) * * * The owner established to the satisfaction of the CAB after a hearing and under such conditions and terms as the CAB may set that he seeks in good faith to withdraw occupied dwelling units from both the housing and non-housing rental markets, and * * *
"(2) That he requires all or part of the dwelling units or the land for his own use in connection with a business which he owns and operates”.
The statutory authority for Code § 54 (D) was Administrative Code former § YY51-6.0 (c) (9) which permitted an owner to refuse a renewal lease: "on specified grounds set forth in the code approved by the housing and development administration consistent with the purpose of this law.” That language was deleted from the law when the statute was amended in 1982. (L 1982, ch 555.) Accordingly, those parts of section 54 which were not otherwise authorized were nullified. (Kamm v Drake, 117 Misc 2d 658 [Civ Ct, NY County 1983]; Bauer v Zafirau, NYLJ, Apr. 26, 1983, p 12, col 1 [Civ Ct, NY County].) There was no other statutory authorization for section 54 (D) (2).
*1095 Section 54 (D) (2) was not revived by the Omnibus Housing Act of 1983 (L 1983, ch 403). Section 50 of that act includes as an exception to a landlord’s obligation to renew a lease, "grounds set forth in the code approved by the department of housing preservation and development consistent with the purpose of the law.” Although the act continued some provisions of the Rent Stabilization Code, it did not continue them all (L 1983, ch 403, § 19 [b]): "The code of the rent stabilization association of New York city, Inc. in force on the effective date of this section is continued as the code governing all matters arising under the rent stabilization law of nineteen hundred sixty-nine and the emergency tenant protection act of nineteen seventy-four.” (Emphasis added.) (See also, §9, amdg Administrative Code § YY51-6.0 [b].)
Section 54 (D) (2) was not "in force” on the effective date of the section and accordingly it could not be continued. Nor was it revived by the reenactment of the statutory language by which it was originally authorized. Other provisions of section 54 were revived by the Legislature which expressly provided that under certain conditions landlords could recover dwelling units for personal use as primary residences, and educational and charitable institutions could recover dwelling units for both residential and nonresidential use (Omnibus Housing Act of 1983 § 50, amdg Administrative Code § YY51-6.0 [c] [9]).
Conspicuously absent from the legislation is any reference to the right of a noninstitutional landlord to recover a dwelling unit for business use — the right petitioner asserts in this proceeding. By explicitly permitting some grounds formerly in Code § 54 and omitting the ground formerly in section 54 (D) (2), the Legislature signified its intention not to revive the latter ground. "If * * * a prior act refers to two things and upon re-enactment but one is included, the inference is irresistible that the Legislature intended to exclude the one omitted” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240, pp 413-414).
Similarly, when the Legislature specifically permitted institutional landlords to recover dwelling units for their nonresidential as well as residential use (Administrative Code § YY51-6.0 [9] [c] [ii]) and specifically permitted other landlords to recover for residential use, it appears that the Legisla *1096 ture did not intend to allow private landlords to withdraw residential units from the housing market for other than use as primary residences. Expressio unius est exclusion alterius.
Accordingly, there is no statutory basis for denying respondent a renewal lease and the petition is dismissed.