■ CENTRAL PARK SOUTH ASSOCIATES, Appellant, v HENRY HACKEL et al., Respondents. — Judgment of the Supreme Court, New York County (Blyn, J.), entered March 2, 1984, which granted defendants' motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint, is reversed, on the law, and the motion denied, without costs.

Plaintiff is the owner and landlord of the premises at 240 Central Park South. Defendants are the tenants of record of apartment 14-F located in the subject premises. They entered into possession of the apartment pursuant to a lease for a term commencing March 1, 1972 and terminating February 28, 1974. The tenancy was extended by subsequent lease renewals, with the most recent commencing March 1, 1980 and expiring February 28, 1983.

The plaintiff commenced the instant declaratory judgment action on June 10, 1983, seeking a declaration that the apartment was exempt from rent stabilization on the grounds that the tenants did not occupy the apartment as a primary residence. The defendants moved to dismiss on the grounds the complaint failed to state a cause of action. Special Term granted this motion, finding that there existed a binding three-year renewal lease and that consequently no justiciable controversy existed between the parties. This was error on the part of Special Term.

Initially, we note that on a motion to dismiss a pleading for failure to state a cause of action, the allegations of the complaint must be deemed to be true and all inferences which reasonably flow from these allegations must be resolved in favor of the pleader (*Sanders v Winship,* 57 NY2d 391, 394). Therefore, the court at nisi prius was obliged to deem as true the allegations of the complaint which asserted: that the tenants' lease had been most recently extended by a renewal lease for a term commencing March 1, 1980 and expiring February 28, 1983; that the tenants maintained a primary residence at a housing accommodation other than the subject apartment; that the tenants maintained a residence at 505 East 79th Street; that the tenants had illegally sublet the subject apartment for a prolonged period of time and had no intent to resume permanent occupancy of the premises; that the tenants had not physically occupied the subject apartment since October, 1980 and that the apartment is exempt from the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4 [ETPA]).

Special Term found that there existed a "valid lease agreement between the parties" despite the requirement that the landlord's allegation of nonprimary residency and the allegation that the tenants' lease had expired be deemed as true.

The sole "documentary" evidence relied upon by Special Term was a standard form letter from the managing agent of the building notifying the tenant pursuant to section 60 of Code of the Rent Stabilization Association of New York City, Inc. (Code) of the availability of a renewal lease. No actual lease was ever submitted at Special Term and, in fact, it appears no renewal lease was ever signed by plaintiff landlord. The finding by Special Term that the failure of the landlord to provide an executed lease renewal document did not alter the fact that the notification pursuant to section 60 of the Code and the acceptance by the tenants created a binding renewal lease is without merit. *Matter of East 56th Plaza v New York City Conciliation & Appeals Bd.* (56 NY2d 544), cited by the court in support of this proposition, held that a tenant *entitled to a renewal lease* under rent stabilization laws has an effective renewal lease in force regardless of whether or not the landlord actually executes the lease agreement.

In the case at bar, however, if the landlord's allegations in the complaint be deemed true, the tenants herein would not be *entitled* to a renewal lease since they are nonprimary residents and not entitled to a renewal lease by operation of law. Since the rent stabilization laws do not protect the nonprimary residents to create a continuing tenancy, the Statute of Frauds precludes enforcement of a lease not in writing and signed by the party to be charged (General Obligations Law, § 5-703, subd 2).

Section 60 of the Code requires that a landlord advise the tenant 150 to 120 days prior to the expiration of the lease of such expiration and also of the availability of a renewal lease, setting forth the applicable rent guidelines. Contrary to the finding of Special Term, where a nonprimary resident tenant is concerned, notification pursuant to section 60 does not constitute the offer of a binding lease. As noted above, *East 56th Plaza (supra)*, cited by the court, was concerned with the statutory right of a *primary* resident to a lease renewal. It has been held that the mailing of a notification pursuant to section 60, where the tenant completed it and returned it to the landlord, did not constitute the tender of a renewal lease which would preclude a subsequent nonprimary residency proceeding (*Matter of Dennis v Conciliation & Appeals Bd.,* Supreme Ct, New York County, March 3, 1982, affd 90 AD2d 693, mot for lv to app den 58 NY2d 602; see, also, *Matter of Friedman v Conciliation & Appeals Bd.,* NYLJ, Dec. 20, 1977, p 5, col 3, affd 63 AD2d 943, mot for lv to app den 45 NY2d 709).

Even assuming, *arguendo,* that a valid renewal lease agreement between the parties is in existence, the Supreme Court still retains the power to adjudicate a possible statutory exemption arising under section 5 of the ETPA (see *Axelrod v Starr,* 52 AD2d 232; *La Guardia v Cavanaugh,* 53 NY2d 67). Such a declaration would have immediate and substantial impact upon the rights of the parties.

Pursuant to the amended section 5 (subd a, par [11]) of the Emergency Tenant Protection Act, after June 30, 1983 determinations of nonprimary residency are to be made by a court of competent jurisdiction. The effective date of this amended statute was prior to the time defendants moved to dismiss this action. Therefore, a justiciable controversy exists for resolution pursuant to CPLR 3001. Concur — Kupferman, J. P., Carro, Asch and Kassal, JJ.