OPINION OF THE COURT
Per Curiam.
Order entered August 29, 1984 modified by denying tenant’s motion for summary judgment and, as modified, affirmed, without costs.
In this holdover proceeding brought on or about December 1, 1983, petitioner seeks possession of tenant’s stabilized apartment on the ground that the apartment is not occupied as tenant’s primary residence/The petition alleges that the apartment is presently subject to the Rent Stabilization Law of 1969 (Administrative Code of City of New York § YY51-1.0 et seq.) (ch 576), because it was subject to rent stabilization on June 30, 1974. The Civil Court granted tenant’s motion for summary judgment, holding that nonprimary residence cases could not be brought before the court until April 1, 1984 (L 1983, ch 403, § 41). Additionally, the court concluded, as a matter of law, that . tenant maintains her primary place of residence at the subject apartment.
*918 With the enactment of the Omnibus Housing Act on June 30, 1983 (L 1983, ch 403), “court[s] of competent jurisdiction” were given jurisdiction over nonprimary residence cases. There is an inconsistency in the Act, in that section 41, amending the Rent Stabilization Law of 1969, was made effective April 1, 1984, whereas section 55, amending the Emergency Tenant Protection Act of 1974 (ETPA), was made effective “immediately”, i.e., June 30, 1983. Both sections exclude housing accommodations not occupied by the tenant as his primary residence from the stabilization system, and both provide for the determination on nonprimary residence to be made by the court. No logical explanation appears for the discrepancy in effective dates, particularly given the fact that the ETPA, as implemented in New York City,-is itself an extension of the Rent Stabilization Law (L 1974, ch 576, § 4 [§ 8 (c)]; Administrative Code § YY513.0 [b]). We think the inconsistency is more preferably resolved by permitting determinations in nonprimary residence cases to be made by the court after June 30, 1983, thereby sustaining jurisdiction in cases such as this one which entered the court system after that date, albeit prior to April 1,1984 (see, Central Park S. Assoc. v Hackel, 104 AD2d 344 [1st Dept]).*
As to the merits, the submissions of the parties raise factual issues on the question of tenant’s primary residence. Summary disposition is therefore inappropriate.
Dudley, P. J., Riccobono and Sandifer, JJ., concur.

 It is interesting to note that the predecessor agency charged with the administration of rent stabilization, the Conciliation and Appeals Board, declined to entertain nonprimary residence cases after June 30, 1983. While this approach has been criticized with respect to proceedings already pending before the agency prior to the effective date of Laws of 1983 (ch 403) (Matter of Ehrlich v New York City Conciliation & Appeals Bd., 124 Misc 2d 217), it would seem that the courts could properly entertain new cases and make determinations on nonprimary residence after that date (Park S. Assoc. v Mason, 123 Misc 2d 750, affd 126 Misc 2d 945 [App Term, 1st Dept]).