■ ELWICK LIMITED, Appellant, v MARY R. HOWARD, Respondent. — Order of the Supreme Court, New York County (Ira Gammerman, J.), entered on April 26, 1984, which granted plaintiff's motion to renew and, upon renewal, granted defendant's cross motion for summary judgment dismissing the complaint, is affirmed, without costs or disbursements.

Since September of 1978, defendant has been the tenant of record of rent-stabilized apartment 18E at 900 Park Avenue in Manhattan. The building underwent condominium conversion in 1979, and plaintiff purchased the apartment in question. Defendant thereafter began paying rent directly to plaintiff. Although defendant's one-year written lease had expired on September 30, 1979, no renewal was ever offered apparently because of the impending conversion. In July of 1982, plaintiff commenced the instant action seeking a declaration that defendant did not occupy the apartment as her primary residence and, therefore, was not protected by the rent stabilization laws.

Defendant subsequently moved for summary judgment dismissing the complaint and, in an order entered on June 30, 1983, Special Term granted the motion to the extent of staying the action on the ground that the Conciliation and Appeals Board (CAB) had primary jurisdiction to determine the issue of primary residence. Plaintiff then moved for reargument based upon enactment of the Omnibus Housing Act (L 1983, ch 403), which divested the CAB of jurisdiction over primary residence disputes. The court, denominating plaintiff's motion as one for renewal, granted renewal but also granted defendant's cross motion for summary judgment dismissing the complaint. According to the court, the prior owner's failure to timely notify defendant that it did not intend to offer a renewal lease precluded plaintiff, the successor in interest, from attempting to recover possession of the apartment due to the tenant's alleged nonprimary residence.

In *Central Park S. Assoc. v Hackel* (104 AD2d 344), relied upon by the dissent, this court held that a landlord's lack of compliance with the notice requirements of Code of the Rent Stabilization Association of New York City, Inc. § 60 did not bar a declaratory judgment action challenging the tenant's primary residence. However, at the time that the prior owner neglected to offer defendant a renewal lease, the sole means by which a landlord could deny the operation of the rent stabilization law to a tenant was to procure an appropriate ruling from the CAB.

(*Consolidated Edison Co. v 10 W. 66th St. Corp.*, 61 NY2d 341.) In that connection, endeavoring to secure an order of decontrol is comparable to seeking a declaration of exemption from rent control, as in the present situation. There is no claim here that the prior landlord ever followed the mandated procedures in failing to offer defendant a renewal lease. When plaintiff became the owner, it similarly made no effort to conform with the legal requirements for decontrolling an apartment. Moreover, the instant action was commenced while the previous law was still in effect. It was only during the pendency of this case that the Omnibus Housing Act was adopted. Yet plaintiff is now trying to avoid its own dereliction, as well as that of its predecessor, by obtaining the benefits of the statutory amendments. This it may not do in the absence of " 'a clear expression of the legislative purpose to justify' a retrospective application of even a procedural statute so as to affect proceedings *previously taken* in such actions." (*Simonson v International Bank,* 14 NY2d 281, 289.) The recent changes in the law ought certainly not be applied so as to enable plaintiff to take advantage of its failure to comply with the prior law. Consequently, the order of Special Term should be affirmed. Concur — Carro, J. P., Fein and Milonas, JJ.

Asch, J., dissents in a memorandum as follows: Defendant Howard is the tenant of record of apartment 18E at 900 Park Avenue, a rent-stabilized building, pursuant to a lease dated September 7, 1978, for a term which commenced October 1, 1978 and terminated September 30, 1979. A renewal lease was not offered by the then landlord, apparently due to the fact that the building was converting to condominium status.

In December 1979, plaintiff Elwick Limited purchased apartment 18E. Since that date, defendant has paid rent directly to Elwick pursuant to rent-stabilized limits. In July 1982, Elwick commenced this action seeking a declaration that Howard did not occupy the apartment as her primary residence and that, therefore, the apartment was not subject to the Rent Stabilization Law as amended by the Emergency Tenant Protection Act (ETPA; L 1974, ch 576, § 4) and, accordingly, Howard was not entitled to a renewal lease pursuant to Code of the Rent Stabilization Association of New York City, Inc. (Code) § 60.

The court initially stayed the action on the grounds that the Conciliation and Appeals Board (CAB) had primary jurisdiction to determine the question of primary residence. Thereafter, plaintiff moved for reargument on the ground that the intervening Omnibus Housing Act (L 1983, ch 403) had divested the CAB of primary jurisdiction. Special Term granted renewal due

to the change in the law divesting the CAB of jurisdiction in these cases, but granted defendant's cross motion for summary judgment dismissing the complaint without reaching the issue of whether or not defendant Howard occupied apartment 18E as her primary residence. It held that the prior owner's failure to timely notify Howard that it would not offer a renewal lease precluded plaintiff, the successor in interest, from challenging Howard's right to a renewal lease on primary residence grounds. This was erroneous.

Pursuant to Code § 60, an owner is required to notify a tenant, between 120 to 150 days prior to the termination of the tenant's lease, of the expiration and the availability of a renewal lease, together with the applicable rent guidelines. However, pursuant to ETPA § 5 (a) (11), apartments not occupied by the tenant in possession as his or her primary residence are exempted from the Code. Thus, if the tenant herein occupied the apartment as a nonprimary residence, the landlord was under no obligation to renew the lease (*Central Park S. Assoc. v Hackel,* 104 AD2d 344).

The owner's failure to send a notice of intent not to renew within a period of 120 to 150 days prior to the termination of the lease does not preclude it from establishing that the tenant was not a primary resident and thus not entitled to an offer of renewal. Even assuming, arguendo, that a valid renewal lease agreement were in existence, the Supreme Court would still have the power to adjudicate a possible statutory exemption arising under ETPA § 5 (*Central Park S. Assoc. v Hackel, supra,* p 346).

Since the court did not reach the issue of whether the tenant maintained her primary residence in the subject premises, I would remand for a trial as to this issue.