OPINION OF THE COURT
Edward H. Lehner, J.
The motions in the two above-entitled proceedings are consolidated herewith for disposition.
The primary issue in both cases is whether the recent Court of Appeals decision in Golub v Frank (65 NY2d 900 [1985]) is applicable where the rights of the parties vested at a date subsequent to June 30,1983, the effective date of the Omnibus Housing Act (OHA; L 1983, ch 403).
In its one-paragraph decision in Golub (supra, p 901), the Court of Appeals said: "Section 50 of the Rent Stabilization Code * * * provides that no tenant shall be denied a renewal lease except upon grounds specifically recognized by law. One recognized ground upon which a renewal lease may be denied *256 is that the dwelling unit is not occupied as a tenant’s primary residence. (Rent Stabilization Code § 54 [E].) Section 54 (E) of the Rent Stabilization Code mandates a method by which an owner may seek an authoritative determination of the tenant’s status as a nonprimary resident. As the courts below correctly noted, where an owner seeks to invoke this ground to deny a tenant his right to a renewal lease, the owner must adhere to the procedure set forth in section 54 (E) of the Rent Stabilization Code, and give notice to the tenant of his intention not to offer a renewal lease not more than 150 and not less than 120 days prior to the end of the tenant’s lease term. (Rent Stabilization Code § 60.) Inasmuch as plaintiff failed to observe the foregoing procedures, defendant is entitled to a renewal lease.”
The facts in that case, as set forth in the opinion of Special Term (NY County index No. 8108/84), show that the subject lease expired on September 30, 1983 and that no notice was sent to the tenant with respect to renewal. In February 1984 the landlord served a 30-day notice electing to terminate the tenancy based on a claim of nonprimary residence. Special Term, in ruling for the tenant for the reason delineated by the Court of Appeals, stated, in what must be deemed dicta, that "the law was drastically changed by” the OHA "to reduce the required period of notice to 30 days before the expiration of the lease”. The court went on to hold that "the tenant’s rights vested in May 1983 (once the lease had less than 120 days to run) prior to the effective date of the statute”, and thus the tenant was entitled to a renewal lease. This decision was affirmed, without opinion, at 106 AD2d 259.
The cases before this court both involve claims of nonprimary residence. In each the landlord argued that the only notice required subsequent to the adoption of the OHA is a 30-day notice. OHA §55 contains the following provision: "No action or proceeding shall be commenced seeking to recover possession on the ground that a housing accommodation is not occupied by the tenant as his primary residence unless the owner or lessor shall have given thirty days notice to the tenant of his intention to commence such action or proceeding on such grounds.”
Although Special Term in Golub (supra) stated that a different conclusion would result if the case came up under the OHA, the Court of Appeals made no distinction in its ruling. Thereafter attorneys who were substituted for the landlord in the Golub case (Rosenberg and Estis) moved in the Court of *257 Appeals for reargument and/or clarification of the decision. In the moving affidavit of Gary Rosenberg dated August 8, 1985, he states that his firm had approximately 200 nonprimary residence proceedings pending in the courts and as "the lower courts begin to apply the rationale of this court’s opinion in Golub to the numerous non-primary residence cases currently pending, massive confusion will ensue” if the pre-OHA and post-OHA "fact situations are not distinguished.” Notwithstanding the foregoing argument, the Court of Appeals denied the motion for reargument. (65 NY2d 1054 [Sept. 19, 1985].)
In connection with the foregoing, it should be noted that courts normally decide cases only on the basis of facts presented, and do not provide advisory rulings specifying the result that would ensue under a law effective subsequent to the date when the rights of the parties vested.
In Golub (supra, p 901), the Court of Appeals, in interpreting Code of the Rent Stabilization Association of New York City, Inc. (the Code) § 60, ruled that it requires that a landlord "give notice to the tenant of his intention not to offer a renewal lease not more than 150 days and not less than 120 days prior to the end of the tenant’s lease term.” Although the procedure set forth in the Code § 54 (E) for application to the CAB is no longer applicable, as the OHA requires that nonprimary residence determinations be rendered by a court rather than an administrative agency, the notice provisions of section 60 are still applicable. Contrary in what is stated in the Golub case at Special Term, no notice provision appears in section 54 (E). The change in the forum to determine nonprimary residence disputes does not eliminate the notice requirement of section 60. Since the failure to give notice under that section was the basis of the dismissal ordered in Golub, it therefore follows that the determination therein is applicable to post-OHA cases.
The effect of the adoption of the OHA therefore is, in nonprimary residence cases, to add a 30-day notice requirement prior to the institution of eviction proceedings to the 120- to 150-day notice which the Court of Appeals ruled is mandated by section 60. Prior to the OHA, a landlord would have to give both the section 60 notice as well as the notices required by the Conciliation and Appeals Board.
To the extent that the rulings of our Appellate Term in Jennifer Towers Apts. Co. v Halpern (NYLJ, Jan. 16, 1985, p 11, col 5) and Lexington Ave. Assoc. v Proctor (NYLJ, May 20, *258 1985, p 13, col 5) are to the contrary, they must be deemed to have been overruled by Golub (supra).
Since the requisite 120 to 150 days’ notice of intention not to renew was not given in either proceeding, the motions to dismiss are granted.
The proceedings are restored to the calendar of Part 49 for December 9 at 9:30 a.m. for a determination of respondents’ claims for attorneys’ fees under Real Property Law § 234.