OPINION OF THE COURT
David B. Saxe, J.
The issue that I am asked to resolve in connection with this summary proceeding based upon allegations of nonprimary residence is as follows:
Does the Court of Appeals holding in Golub v Frank (65 NY2d 900 [1985]) require dismissal of the petition here because the petitioner landlord failed to provide notice of its intention not to offer the respondent tenant a renewal lease between 150 and 120 days (the "window period”) prior to the expiration of the lease term (Code of the Rent Stabilization Association of New York City, Inc. [Rent Stabilization Code] *468 §54 [E]; §60)? Stated differently, is the Court of Appeals memorandum decision in Golub v Frank applicable to all nonprimary residence cases or is it limited to only those cases arising prior to the enactment of the Omnibus Housing Act (OHA; L 1983, ch 403)? For the reasons that follow, I hold that the rule enunciated in Golub v Frank is only applicable to preOmnibus Housing Act cases and therefore it is of no consequence that the landlord here did not notify the tenant of its intent not to offer a renewal lease during the so-called "window period”. The respondent’s motion for summary judgment to dismiss the petition is therefore denied.
In relevant part, the memorandum decision in Golub v Frank (supra, p 901) states: "Section 54 (E) of the Rent Stabilization Code mandates a method by which an owner may seek an authoritative determination of the tenant’s status as a nonprimary resident * * * where an owner seeks to invoke this ground to deny a tenant his right to a renewal lease, the owner must adhere to the procedure set forth in section 54 (E) of the Rent Stabilization Code, and give notice to the tenant of his intention not to offer a renewal lease not more than 150 and not less than 120 days prior to the end of the tenant’s lease term. (Rent Stabilization Code § 60.) Inasmuch as plaintiff failed to observe the foregoing procedures, defendant is entitled to a renewal lease.”
Relying on the broad language of the decision, the respondent here moves for dismissal because the landlord, as in Golub (supra), failed to give notice of its intention not to renew within the "window period”.
The petitioner opposes this motion and contends that the Golub holding has no applicability because it is limited to cases arising prior to the enactment of the Omnibus Housing Act. And, although the petitioner recognizes that the Court of Appeals did not expressly differentiate between cases arising before and after the OHA’s enactment, it is petitioner’s contention that this narrow interpretation of Golub (supra) as applying only to pre-Omnibus Housing Act cases is consistent both with the intent of the Court of Appeals and the Legislature. To support its position, the petitioner argues that the Court of Appeals decision must be read in conjunction with the two lower court decisions in Golub, particularly the decision at the Supreme Court, Special Term level which drew the distinction between pre- and post-Omnibus Housing Act cases and which was affirmed without opinion by the Appellate Division. The petitioner further contends that its interpreta *469 tion is consistent with well-settled rules of statutory construction.
Prior to the enactment of the Omnibus Housing Act of 1983 (L 1983, ch 403) both the Emergency Tenant Protection Act of 1974 (ETPA; L 1974, ch 576, §4) and the Rent Stabilization Law of 1969 (Administrative Code of City of New York § YY51-1.0 et seq.) as promulgated under the authority of the Local Emergency Rent Control Act (L 1962, ch 21, as amended; McKinney’s Uncons Laws of NY § 8601 et seq.) provided that an apartment not occupied by a tenant as a primary residence was exempt from the protection of the emergency rent laws and not subject to the Rent Stabilization Law.
The issue of exemption on the grounds of nonprimary residency was determined by the New York City Conciliation and Appeals Board (CAB) in the context of an application brought by the owner as mandated by Rent Stabilization Code § 54 (E) for permission not to renew a tenant’s lease on the ground that the apartment was not occupied as the tenant’s primary residence. The CAB, under prior law, had primary jurisdiction over issues of primary residence.
The procedure and tribunal for determination of primary residence disputes was changed by the Omnibus Housing Act (§ 55) which divested the Conciliation and Appeals Board of jurisdiction on this issue and instead provided that primary residence shall be "determined by a court of competent jurisdiction”. Thus, the requirement of Rent Stabilization Code §54 (E) concerning application to the administrative agency (as discussed in Golub, supra) was eliminated by the OHA.
Respondents, citing Rent Stabilization Code §60 and the Golub decision (65 NY2d 900, supra), nevertheless assert a right to a renewal lease (and therefore dismissal of the petition in this proceeding) on the ground that their right to a renewal lease vested at the end of the 150- to 120-day period prior to the expiration of the lease. In this regard, respondents contend that this requirement was not altered by the enactment of the Omnibus Housing Act.
Upon examination of the relevant sections of the Rent Stabilization Code, it is noted that while section 54 lists the grounds upon which the landlord is not required to offer a renewal lease, section 60 sets forth the time requirements for offering a renewal lease to a tenant who is entitled to one. In pertinent part, section 60 provides: "Every owner shall notify *470 the tenant in occupancy not more than 150 and not less than 120 days prior to the end of the tenant’s lease term, by mail, of such termination and offer to renew the lease at a rent not in excess of the stabilization rent permitted for each renewal lease and otherwise on the same conditions as the expiring lease”.
Neither section, however, specifically provides that a landlord seeking not to renew a tenant’s lease upon a recognized ground must notify the tenant (during the time period when he would otherwise be obligated to offer a renewal lease) of his intent not to renew the lease.
Nevertheless, through judicial interpretation, the rule evolved that under the applicable sections of the Rent Stabilization Code, a landlord was foreclosed from evicting a tenant upon the ground of lack of primary residence unless the landlord had notified the tenant of his intent not to offer a renewal lease during the time period for the offering of renewal leases specified in section 60. (See, Elwick Ltd. v Howard, 111 AD2d 73, affd 65 NY2d 1006 [1985].) The result, which some courts justified upon the theory that the tenant’s right to a renewal lease "vested” at the end of the "window period” (Bolotin v Ameri, NYLJ, Feb. 8, 1984, p 11, col 1 [Sup Ct, NY County 1984]), was a dismissal of the petition and direction to the landlord to offer the tenant a renewal lease.
The landlord contends that the Legislature’s enactment of the Omnibus Housing Act eliminated the prior rule that a landlord was obligated to notify the tenant of its intent not to offer a renewal lease between 150 and 120 days before the expiration of the lease and instead replaced that requirement with a single statutory condition precedent of a 30-day notice before the landlord might commence an action or proceeding to recover possession based upon lack of primary residence.
OHA § 55 provides: "No action or proceeding shall be commenced seeking to recover possession on the ground that a housing accommodation is not occupied by the tenant as his primary residence unless the owner or lessor shall have given thirty days notice to the tenant of his intention to commence such action or proceeding on such grounds.” (Emphasis supplied).
The respondent contends that the OHA did not alter the requirement of a notice of nonrenewal 150 to 120 days prior to the expiration of the lease, but merely imposed a second notice requirement upon the landlord of notifying the tenant *471 30 days prior to the commencement of a proceeding to evict a tenant based on nonprimary residence. At least one court has adopted this position. (See, Lyndhurst Assoc. v Drachman, 130 Misc 2d 255.)
I believe that the respondent’s position as well as the Lyndhurst holding are contrary to a recent decision by the Appellate Term, First Department, entitled Continental Towers Ltd. Partnership v Jahss (NYLJ, Oct. 10, 1985, p 11, col 2) where the court stated: "Inasmuch as the stabilized tenant’s last lease expired on January 31, 1984, after the enactment of the Omnibus Housing Act (L. 1983, ch. 403), petitioner could properly commence an action in Civil Court to resolve the issue of primary residence after thirty days notice to the tenant, (cf. Elwick Ltd. v. Howard, [111 AD2d 73]; Ziess v. Semenov, [126 Misc 2d 917]; OHA, Sec. 41, Sec. 55)” (emphasis added).
Further support for the proposition that the Omnibus Housing Act eliminated the requirement of a notice of intention not to offer a renewal lease, and instead replaced that requirement with a single notice of 30 days is furnished by a reading of the lower court decision in Golub v Frank.
There, in Golub, the Supreme Court (Spec Term, NY County, index No. 8108/83) held that the Omnibus Housing Act was inapplicable to the case because the tenant’s right to a renewal lease had vested in May 1983 (i.e., once the lease had less than 120 days to run) and hence prior to the effective date of the statute. Applying prior law, the court held that because the petitioner failed to notify the tenant of his intention not to renew the lease within the "window period”, he was required to offer the tenant a renewal lease. The court intimated that the result would have been otherwise had the relevant facts occurred subsequent to the Omnibus Housing Act’s effective date. Special Term stated: "The law was drastically changed by Chapter 403 of the laws of 1983 (Omnibus Housing Act) to reduce the required period of notice to 30 days before the expiration of the lease and to require court proceedings instead of applications to the Conciliation and Appeals Board.”
The lower court in Golub v Frank (supra) was unanimously affirmed, without opinion, by the Appellate Division, First Department (106 AD2d 259), which order was affirmed by the New York Court of Appeals (65 NY2d 900, supra). The Court of Appeals subsequently denied leave to clarify or reargue (65 NY2d 1054 [1985]).
*472 Thus, although the Court of Appeals did not expressly provide that the scope of its holding was limited to factual situations where the right to a renewal lease vested before the effective date of the Omnibus Housing Act, a fair reading of its opinion, when considered in conjunction with the prior decision in that case, supports this interpretation.
I hold that respondent’s reliance on Golub (supra) for the proposition that two separate notices to tenants in nonprimary residence cases are now required is misplaced. Instead, I believe that, by virtue of the recent enactment of the Omnibus Housing Act, the Legislature has indicated that a notice of intent not to offer a renewal lease between 150 and 120 days prior to the expiration of the lease is no longer required. So, nonprimary residence proceedings may be maintained in a court of competent jurisdiction after service of a single 30-day notice. Since I read Golub as limited to pre-OHA cases, the Appellate Term, First Department, case of Jennifer Towers Apts. Co. v Halpern (NYLJ, Jan. 16, 1985, p 11, col 5 [which holds to the same effect as I here hold]) does not contradict Golub and is not overruled by it.
My holding is further supported, I believe, by basic rules of statutory construction. For example, "[w]here words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76; Meltzer v Koenigsberg, 302 NY 523 [1951].) Had the Legislature intended to require a landlord to give notice of intention of nonrenewal in the time period specified in Rent Stabilization Code § 60 as a condition precedent to maintaining a summary proceeding to recover possession based upon nonprimary residence, it would have stated so. In fact, the Legislature provided such a requirement of a 150- to 120-day notice with respect to the recovery of dwelling units for charitable or educational purposes. (Omnibus Housing Act § 52.) The fact that the Legislature included this requirement for the recovery of possession on one ground, but not upon the ground of nonprimary residence is persuasive evidence that the Legislature did not intend to require such a notice in nonprimary residence cases and that their omission of this requirement was not an oversight.
This proceeding, commenced upon the requisite 30 days’ notice to respondents, is properly before the court (Continental Towers Ltd. Partnership v Jahss, supra).
*473 Accordingly, the motion for summary judgment dismissing the petition on the ground that petitioner failed to provide notice of its intention not to offer a renewal lease between 150 and 120 days prior to the end of the lease term is denied.