*797 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. Special Term and the Appellate Division properly concluded that section 41 of the Omnibus Housing Act (L 1983, ch 403), which amended the New York City Rent Stabilization Law (Administrative Code of City of New York § YY51-3.0 [a] [1] [f]) does not alter the requirement of section 60 of the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code), that a landlord notify the tenant of the renewal or nonrenewal of a lease not more than 150 days and not less than 120 days prior to the expiration date. Section 41 of the Omnibus Housing Act does not purport to repeal or amend the notice requirement of section 60 of the Rent Stabilization Code. Indeed, section 9 of the Omnibus Housing Act also amended the New York City Rent Stabilization Law to provide expressly that the Rent Stabilization Code continue in force (Administrative Code § YY51-6.0 [b]). The two notice provisions in question, moreover, apply to different events and serve different purposes. Section 60 of the Rent Stabilization Code requires the landlord to give notice to the tenant of his intention to renew or not renew the tenant’s lease. The amended section YY51-3.0 (a) (1) (f) requires that a landlord give 30 days’ notice to a tenant of his intent to commence an action to recover possession of a rent-stabilized housing accommodation on the ground of nonprimary residence. The two notice provisions are not inconsistent. Section 41 of the Omnibus Housing Act, in amending the New York City Rent Stabilization Law, therefore, does not effect an implied repeal of the unrelated and different notice requirement of section 60 of the Rent Stabilization Code (see, Matter of Board of Educ. v Allen, 6 NY2d 127, 141-142; McKinney’s Cons Laws of NY, Book 1, Statutes § 391). Because the landlord failed to serve notice pursuant to section 60 of the Code, the tenant is entitled to a renewal lease by operation of sections 50 and 54 (E) of the Code (see, Elwick Ltd. v Howard, 65 NY2d 1006; Golub v Frank, 65 NY2d 900). Appellate Term and nisi prius decisions stating that the 1983 amendment eliminates the section 60 notice requirement (see, e.g., Continental Towers v Jahss, NYLJ, Oct. 10, 1985, p 11, col 2 [App Term, 1st Dept]; Warhit Real Estate v Krauss, 131 Misc 2d 429; Seagrave Establishment v Goldberg, 130 Misc 2d 467) should not be followed.
*798 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.