OPINION OF THE COURT
Per Curiam.
Order entered March 19, 1985 reversed, with $10 costs, and tenant’s cross motion for summary judgment dismissing the petition is granted.
Appeal from order entered April 19, 1985 dismissed, without costs, as moot.
Tenant’s last renewal lease for the subject rent-stabilized premises expired September 30, 1984. Prior to that date, on August 21, 1984, landlord served a notice of "nonrenewal of lease, termination of tenancy and intention to recover possession” on the ground that tenant was not occupying the premises as his primary residence. In the holdover proceeding which ensued, landlord moved for leave to conduct discovery and tenant cross-moved for varied relief, including a summary judgment dismissing the petition. Significantly, at the time of the motion practice below, and at the time Civil Court rendered its decision denying tenant’s cross motion, the case of Golub v Frank (65 NY2d 900) had not yet been decided. In consequence, tenant did not raise, and Civil Court did not have occasion to reach, the issue whether tenant was entitled to a renewal lease on account of landlord’s failure to serve a notice of nonrenewal in the 120- to 150-day period immediately preceding the end of tenant’s lease term (see, Code of the Rent Stabilization Association of New York City, Inc. §60). However, the parties have briefed that issue on the appeal to this court and, in the interest of judicial economy and because it is dispositive of the entire matter, we deem it appropriate to address that issue at this time. The Court of Appeals has now ruled that Omnibus Housing Act § 41 (L 1983, ch 403), which requires that a landlord give 30 days’ notice to a tenant of his intent to commence an action to recover possession on the ground of nonprimary residence, does not alter the landlord’s obligation to serve the separate 120- to 150-day notice of nonrenewal required by Code of the Rent Stabilization Association of New York City, Inc. § 60 (Crow v 83rd St. Assoc., 68 NY2d 796). Since it is undisputed that landlord did not serve a *803 notice pursuant to Code of the Rent Stabilization Association of New York City, Inc. § 60, this nonprimary residence proceeding must be dismissed.
We reach no other issue.
Sandifer, J. P., Parness and Ostrau, JJ., concur.