OPINION OF THE COURT
Edward H. Lehner, J.
The issue raised on this motion to dismiss is whether a 120-to 150-day notice that a lease would not be renewed based on nonprimary residence is valid if sent by the cooperative corporation owning the building, rather than by the holder of the unsold shares allocable to the subject apartment. The court holds that such notice is invalid and therefore grants the motion.
*524 This proceeding was instituted by the proprietary lessee who is the holder of the unsold shares. The petition asserts (para 8) that the 120- to 150-day notice was sent to respondent indicating "that the landlord elected to terminate the said tenancy and proceed to recover possession and that unless the said tenant removed from said premises * * * petitioner would commence summary proceeding * * * to remove said tenant.”
Although the foregoing asserts action taken by "petitioner”, the notice in fact was sent by the cooperative corporation subsequent to the conversion, at a time when petitioner herein was the holder of unsold shares allocable to the subject apartment.
Petitioner asserts that such procedure is proper because Code of Rent Stabilization Association of New York City, Inc. § 60 requires that notices of nonrenewal be sent by the "owner”, and the cooperative corporation is the owner of the building.
However, the term "owner” is defined in Rent Stabilization Code § 2 (h) to mean: "An owner, lessor, sublessor, sponsor of a condominium or cooperative, assignee, or other person receiving or entitled to receive rent for the use and occupancy of any dwelling unit, or an agent of any of the foregoing.”
Upon delivery of a proprietary lease to a holder of unsold shares, the cooperative enters into a landlord-tenant relationship with such holder, is no longer in privity with the rent-regulated occupant of the unit and may not commence proceedings to evict based on nonprimary residence. A decision as to whether to remove a tenant on such grounds or on any other statutory basis lies only with the proprietary lessee. Of course, an occupant is subject to eviction by the cooperative on a number of grounds, such as nuisance, illegal activity, etc. But in such instances, the proceeding is against the proprietary lessee, with the occupant being named as an undertenant.
Since the cooperative cannot commence summary proceedings against an alleged nonprimary resident, it cannot serve a notice stating that the occupant’s lease will not be renewed and that summary proceedings will be commenced based on said grounds. Thus, since the party seeking to evict did not serve a 120- to 150-day notice of intention not to renew, the proceeding must be dismissed. (Crow v 83rd St. Assocs., 68 NY2d 796.)