OPINION OF THE COURT
Lewis R. Friedman, J.
This case presents several issues of first impression concerning the application of the new Rent Stabilization Code ([RSC]; 9 NYCRR 2520-2530) adopted as of May 1, 1987 by the Division of Housing and Community Renewal (DHCR). The RSC contains several novel regulations prescribing the con *1045 tents of notices terminating tenancies. This case requires the court to determine the meaning of those provisions and their applicability to proceedings commenced before the RSC’s effective date.
Petitioner, the owner of the rent-stabilized premises, brought this holdover proceeding against the tenants of record on the grounds that their lease has expired. Petitioner served a notice of nonrenewal and commenced the proceeding on the theory that respondents are not using the premises as their primary place of residence. Petitioner moves to dismiss certain affirmative defenses and for summary judgment; respondents cross-move for summary judgment, dismissal and leave to amend the answer. Although numerous issues are raised, the court considers only whether the notices preliminary to this proceeding are adequate.
The RSC and its predecessor provide that a lease must be renewed unless the landlord serves a notice of intention not to renew (NINR) during a "window period” of 120 to 150 days before the lease expires (Golub v Frank, 65 NY2d 900; Crow v 83rd St. Assocs., 68 NY2d 796; see, RSC §§ 2522.5, 2523.5; former RSC § 60). A second notice, of intention to commence an action (NICA), must be served at least 30 days before the proceeding commences (RSC § 2524.4 [c]; Rent Stabilization Law of 1969 [RSL] [Administrative Code of City of New York] § 26-504 [a] [1] [f]; Emergency Tenant Protection Act of 1974 [ETPA] [L 1974, ch 576] § 5 [a] [11]).
Section 2524.2 (b) of the RSC provides, in pertinent part: "Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground under section 2424.3 or 2524.4 of this Part, upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession.”
Petitioner contends that the NINR, which was timely served on March 20, 1987, is not required to comply with section 2524.2 (b) since the notice was served prior to May 1, 1987, the effective date of the new RSC.
Basic principles of statutory construction preclude the retroactive application of the RSC to a NINR which was sent before its effective date. Absent a specific legislative directive, a statute or rule applies only prospectively, not retroactively. (See, e.g., Murphy v Board of Educ., 104 AD2d 796, 797, affd for reasons stated below 64 NY2d 856; Matter of Ayman v *1046 Teachers’ Retirement Bd., 9 NY2d 119, 125; Garzo v Maid of the Mist Steamboat Co., 303 NY 516, 522.) An exception to that rule allows procedural rules to be applied to pending matters (e.g., Matter of Debbie L. K. v Wayne Y., 96 AD2d 888); however, new procedures generally apply only to "subsequent proceedings in pending actions” (Lazarus v Metropolitan El. Ry. Co., 145 NY 581, 585). Retrospective application of procedural rules should not apply to steps previously taken in pending actions (Simonson v International Bank, 14 NY2d 281, 289-290; Shielcrawt v Moffett, 294 NY 180, 188-189; Southwick v Southwick, 49 NY 510, 517). A new rule should not be applied to invalidate prior, legally effective acts (Matter of Miller, 110 NY 216, 224; McMaster v State of New York, 103 NY 547, 554; Hastings v Byllesby & Co., 293 NY 413, 419). "Unless procedure is to be involved in chaos it must be governed by the law regulating it at the time the question of procedure arises” (People ex rel. Central New England Ry. Co. v State Tax Commn., 261 App Div 416, 418).
The application of a new procedural rule to a notice already sent would deprive the sender of substantial vested substantive rights. That is certainly true here. Petitioner would be required to renew the lease at issue for a term of up to two years if the court finds that a valid NINR was not timely served (Golub v Frank, 65 NY2d 900, supra; Crow v 83rd St. Assocs., 68 NY2d 796, supra; RSC §§ 2522.5, 2523.5, former RSC § 60). Thus, the finding that the notice is defective would delay the proceeding for at least two years from the renewal. There is no doubt that the notice was sufficient under the RSC in effect at the time it was sent. As Judge Cardozo wrote, "There can be no presumption [of retroactivity], for illustration, that a statute regulating the form of pleadings or decisions is intended to invalidate pleadings already served, or decisions already filed” (Matter of Berkovitz v Arbib & Houlberg, 230 NY 261, 270). It is for these reasons that at least one unreported case has refused to apply the RSC provision at issue here retroactively (Park Holding Co. v Eisen, Civ Ct, NY County, index No. L&T 97200/87).
"It is a fundamental rule, founded in wisdom and sound public policy, that, unless the very plain meaning of the language requires it, laws should not be so construed as to have retrospective operation, or to affect * * * acts already legally done” (McMaster v State of New York, 103 NY, supra, at 554). The RSC does not specifically articulate its effect on previously served notices. The effective date is simply stated to *1047 be May 1, 1987 (RSC § 2520.7). The only provision of the RSC which calls for retroactive application provides that generally "this Code shall apply to any proceeding pending before the DHCR, which proceeding commenced on or after April 1, 1984” (RSC § 2527.7; emphasis added). That provision applies only to proceedings actually pending before DHCR; this is not such a proceeding. The drafters’ decision to make a portion of the statute retroactive is strong proof that they did not intend to apply other portions retroactively (Reilly v Labovsky, 120 Misc 2d 478). There surely is no "clear expression of legislative purpose” to apply the new rule to past notices (Jacobus v Colgate, 217 NY 235, 240). The RSC notice provisions may be applied prospectively only.
Certain substantive provisions of the RSC have been applied retroactively, on the theory that "[c]ourts have repeatedly upheld retroactive application of remedial legislation designed to protect tenants’ rights” (Soling v Little, 135 Misc 2d 871, 876; cf., Megalopolis Prop. Assn. v Buvron, 110 AD2d 232, 237). The contents of the NINR is not a matter of "remedial” legislation.
Respondents contend that the NINR was not served properly. A copy of the notice addressed to each respondent was mailed by certified mail to the subject apartment and one copy addressed to both of them was sent by ordinary mail. The lease requires service of all notices either personally or "by mail”. Section 60 of the former RSC, applicable to that notice, also requires service "by mail”. The cases generally hold that where no form of mail is specified, service by certified mail is improper. (E.g., Reliance Props. v Cruz, 132 Misc 2d 1060 [Civ Ct, Kings County]; Matter of Freiberger v O’Toole, 2 Misc 2d 191.) The service by certified mail is, therefore, surplusage which is not itself sufficient and does not vitiate any other form of service. The question thus becomes whether a notice addressed to both respondents in a single envelope is adequate. The analogy drawn by respondents to the service of a petition and notice of petition to commence a summary proceeding is inappropriate. Service of a NINR does not involve the acquisition of jurisdiction over separate individuals; in that situation, service must be made on each person sought to be made a party to a case. Here the question is simply whether the parties to the lease have been notified. The lease describes the respondents collectively as "the Tenant”. There is, therefore, no reason for not notifying "the Tenant” in a single envelope. The "tenant” has received notice as agreed.
*1048 The NICA was served in July 1987. Petitioner does not contend that the notice requirements of RSC § 2524.2 (b) are inapplicable to a NICA or beyond the power of DHCR to adopt as an implementation of the RSL and ETPA. Rather petitioner concedes that the notice is governed by, and complies with, the RSC.
RSC § 2524.2 (b) requires three allegations: (1) the legal basis for the proceeding, (2) the date the tenancy ends, and (3) "the facts necessary to establish the existence of said ground[s]”. The notice here provides the first two elements: the legal theory of the proceeding: "based upon the fact that you are not occupying the premises as your primary residence” and the date the tenancy is to end. The question is whether the NICA states the "necessary facts”. There is nothing in the NICA other than the bare, unsupported legal conclusion that the premises are not being used as a primary residence. The inclusion in the NICA of the words "upon the fact that” does not change the allegation from a conclusion of law to a statement of facts. While Park Holding v Eisen (supra) found a similar notice to be sufficient, the court did not focus particularly on the question now presented and that decision will not be followed. In the case at bar petitioner is in possession of facts which, it asserts, support the conclusion that respondents reside in a particular address in California; there are also other factual allegations in its motion for summary judgment. Yet, in violation of the RSC none of those facts were contained in any of the notices sent to respondents. The purposes of a notice are to advise the tenant of the allegations which will underlie the subsequent proceeding. This NICA does not meet that standard.
The proceeding is dismissed.