OPINION OF THE COURT
Peter M. Wendt, J.
This proceeding concerns 1 of 2 residential apartments occupied by respondent on the same floor of the same building. The petition alleges, in paragraph 6, that, "the premises are subject to regulations of the N.Y.S. Division of Housing and Community Renewal (DHCR).” These regulations include the Rent Stabilization Code (9 NYCRR 2520 et seq.). Respondent also asserts that the subject premises are subject to the Rent Stabilization Code, and annexes a copy of a cooperative offering plan which states that all 79 apartments in the building are subject to rent stabilization. The premises are *689 therefore concededly subject to the Rent Stabilization Law (Administrative Code of City of New York § 26-501 et seq.) and Rent Stabilization Code.
Petitioner claims that respondent’s tenancy is residential, but the use is commercial, and that the lease, if any, has expired. For these reasons, petitioner contends that respondent is no longer entitled to possession of the apartment.
Respondent moves for an order pursuant to CPLR 3211 (a) (2) dismissing this proceeding for lack of subject matter jurisdiction, on the ground that no notice of intention of nonrenewal was served between 150 and 120 days before the expiration of the lease term. Respondent also claims that if petitioner wished to terminate respondent’s tenancy for violation of the residential requirements thereof, a notice to cure was required. Concededly, no notice of nonrenewal pursuant to sections 2524.2 and 2524.4 of the Rent Stabilization Code was sent. Also, no notice to cure is claimed to have been sent pursuant to section 2524.3 (a) of the Rent Stabilization Code.
Petitioner contends that because respondent is allegedly using the apartment for commercial purposes, it need not send a Golub notice pursuant to sections 2524.2 and 2524.4 of the Rent Stabilization Code. (See, Golub v Frank, 65 NY2d 900 [1985]; Crow v 83rd St. Assocs., 68 NY2d 796 [1986].) Petitioner cites two pre-Golub cases for the proposition that a tenancy in a residential rent-stabilized apartment used for commercial purposes can be terminated merely upon service of a 30-day notice. (See, Tuba Corp. v Laurence S. Freundlich, Inc., 128 Misc 2d 337 [Civ Ct, NY County 1985]; Coronet Props. Co. v Jennie & Co. Film Prods., 121 Misc 2d 873 [Civ Ct, NY County 1983].) These cases are both superseded by Golub (supra) and Crow (supra). Sections 2524.2 and 2524.4 of the Rent Stabilization Code, effective May 1,1987, now control.
Section 2524.2 of the Rent Stabilization Code provides, in pertinent part:
"2524.2 Termination notices, (a) Except where the ground for removal or eviction of a tenant is nonpayment of rent, no tenant shall be removed or evicted from a housing accommodation by court process, and no action or proceeding shall be commenced for such purpose upon any of the grounds permitted in section 2524.3 [Proceedings for eviction — wrongful acts of tenant] or [section] 2524.4 [Grounds for refusal to renew lease] of [this] Part, unless and until the owner shall have given written notice to such tenant as hereinafter provided. * * *
*690 "(c) Every such notice shall be served upon the tenant * * *
"(2) in the case of a notice * * * pursuant to subdivision (c) of section 2524.4 of this Part [Primary residence], at least 120 and not more than 150 days prior to the expiration of the lease term”. (Emphasis supplied.)
It is evident under Rent Stabilization Code § 2524.2 that if a landlord wishes to evict a rent-stabilized tenant upon a ground other than nonpayment of rent, it must give tenant written notice as required by this section. If the ground is nonprimary residence, a notice of nonrenewal is required to be served between 120 and 150 days before the expiration of the lease (Rent Stabilization Code § 2524.2 [c] [2]). If the ground is violation of a residential rent-stabilized ténancy by virtue of commercial use of an apartment, a written notice to cure must be given pursuant to Rent Stabilization Code § 2524.3 (a). Neither of these notices was given in the instant case.
Because the premises are subject to the Rent Stabilization Code, petitioner cannot claim that the alleged commercial use exempts it from the notice requirements of the Code. (See, Melohn v Harari, NYLJ, May 4, 1988, at 7, col 1 [App Term, 1st Dept].) The premises are concededly subject to the Rent Stabilization Code. Petitioner cannot ask the court to assume as a fact what it seeks to prove herein, and thus excuse petitioner from the legal notice requirements. The rider to petitioner’s 30-day notice, made part of the pleadings herein, states that the ground claimed is that respondent does not reside in the premises and makes his primary residence elsewhere. If this is the case, a 150-120-day nonrenewal notice would be required pursuant to Rent Stabilization Code § 2524.2 (c) (2). If the ground is violation of a residential tenancy by virtue of alleged commercial use, a notice to cure would be required pursuant to Rent Stabilization Code § 2524.3 (a). Failure to serve either of these notices in accordance with the Rent Stabilization Code deprives this court of subject matter jurisdiction over this eviction proceeding against a rent-stabilized tenant. The petition is therefore dismissed.