# GARY COLLUM, Plaintiff
## v.
# SCOTT HARRINGTON and CARIBBEAN SEAFOOD INDUSTRIES, INC., Defendants

Civ. No. 333/1993

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 5, 1997

JOHN E. STOUT, ESQ., (Grunert, Stout and Bruch), St. Thomas, U.S.V.I., *for Plaintiff*

PHILLIP L. HUSBAND, ESQ., St. Thomas, U.S.V.I., *for Defendants*

SWAN, *Judge*

## MEMORANDUM OPINION

This case involves applying an amended statute to a pending lawsuit, when the statute is enacted after the lawsuit was filed. For the reasons which follow, defendants' Motion For Increase In Security Costs Bond, pursuant to a statutory amendment which became law after plaintiff had already posted bond will be DENIED.

## FACTS

Plaintiff filed this lawsuit on April 13, 1993, seeking damages from the defendants for personal injuries he allegedly suffered while plaintiff was a passenger aboard a vessel operated by defendant Scott Harrington. Plaintiff asserts that defendant Harrington negligently operated the vessel, which caused an accident that directly resulted in plaintiff's injuries. The vessel is owned by defendant Caribbean Sea-Food Industries, Inc.

Plaintiff is a non-resident of the Virgin Islands. After he filed his lawsuit, defendants demanded that he post a security bond pursuant to 5 V.I.C. 547. Plaintiff posted a bond of $ 1,000.00 on January 4, 1995. When plaintiff posted the bond, Section 547 *supra*, required that the bond for each defendant not exceed Five Hundred Dollars ($ 500.00)

While the case is pending, the Legislature of the Virgin Islands enacted Act No. 6109 (Bill No. 21-0195) which became law on June 18, 1996. Act No. 6109 amended Section 547 *supra* by augmenting the amount of the security bond from not exceeding Five Hundred Dollars ($ 500.00) to not exceeding One Thousand Dollars ($ 1,000.00) for each defendant. Therefore, defendants now impor-

tune this Court to order plaintiff to likewise augment the amount of the bond he posted from One Thousand Dollars ($ 1,000.00) to Two Thousand Dollars ($ 2,000.00), in order to comply with the statutory amendment. Essentially, the language of section 547 *supra* remains virtually intact; the only modification concerns the change in the amount of the bond from Five Hundred Dollars ($ 500.00) to One Thousand Dollars ($ 1,000.00). The statutory language of the amendment is silent on whether the amendment codified in Act No. 6109 must be applied retroactively.

## ISSUE

Whether an amendment to an existing statute which increases the amount of the security bond to be posted by a plaintiff is applicable to pending cases, in which at the time of the enactment of the amendment, the Court had already decided the amount of the security bond consistent with the then existing law, and the bond has already been posted by the plaintiff.

## ANALYSIS

■ In determining whether a statute properly may be applied to actions pending at the time of its passage, it is important to determine whether the statute is substantive, that is, one which affects vested rights or imposes penalties or whether the statute is procedural, that is, one which affects some mechanism for maintaining the suit. *Waggoner v. City of Garland, Texas*, 987 F.2d 1160 (5th Cir. 1993). Essentially, the law is substantive if it creates right, duties, and obligations. On the other hand, the law is procedural, if it simply prescribes the method of enforcement of those rights. *Joyner v. Monier Roof Tile, Inc.*, 784 F. Supp. 872 (S.D. Fla. 1992).

■ Undeniably, the matter of the increased bond does not affect the rights of the parties. Rather, it involves a procedure to be followed by a non-resident plaintiff, if that plaintiff endeavors to maintain a lawsuit in this jurisdiction. Because this case involves the application of a change in the procedural rules while the suit is pending, the amendment is procedural.

Where statutes affects only the mode of procedure, as in this case, and not substantive rights of the parties, the statute generally

5

applies to pending actions. *City of Clarksdale v. Mississippi Power and Light Co.*, 556 So. 2d 1056 (Miss. 1990).

■ In the absence of an expressed provision to the contrary, procedural statutes control the litigation from their effective date, and they apply to pending litigation. *Cooper v. State*, 769 S.W.2d 301 (Tex. App.-Houston First District, 1989). Importantly, the defendants in this case are seeking an increase in the security cost bond which has already been decided by the Court in accordance with the applicable law at the time the Court made its decision. In instances involving procedural changes to existing laws, a court should apply the law in effect at the time the court renders its decision. *Hartford Casualty Insurance Company v. Federal Deposit Insurance Corporation*, 21 F.3d 696 (5th Cir. 1994). Significantly, the United States Supreme Court has recognized that in many situations, a court should "apply the law in effect at the time it renders its decision." *Landgraf v. USI Film Products, et al*, _____ U.S. _____; 114 S. Ct. 1483, 1501, 128 L. Ed. 2d 229 (1994). Thus, unless expressly prescribed or ordained, retroactive application of procedural rules should not apply to steps previously taken in pending cases. *Rose Associates v. Bernstein*, 526 N.Y.S.2d 383, 138 Misc. 2d 1044 (N.Y. City Civ. Ct., 1988).

This Court concludes, therefore, that while the statutory amendment is procedural and would apply to pending lawsuits, the amendment would not apply in this case in which the Court has already determined the issue prior to the enactment of the amendment. Even though procedural amendments would apply to pending lawsuits, it is the trial stage or the discovery stage of the case which is most times affected by procedural amendments. In this case, however, the amendment would affect the embryonic stage of the proceedings when the security bond must be posted. Other than a possible filing of an answer by a resident defendant, local law allows for the litigation to come to a virtual halt, if the non-resident plaintiff refuses to post the bond upon demand.[1]

---

[1] The language of 547 (a) *supra*, states in pertinent part: "[A]fter the service of such notice [requiring security cost] all proceedings in the action shall be stayed until security is given by the plaintiff."

6

■ The Court's conclusion is buttressed by another compelling reason. The Court has examined the legislative history of Act No. 6109. No language in the legislative history exists from which one may conclude, surmise, infer, or suggest that the Legislature intended to pursue a policy of retroactive application of the amendment. Likewise, there is no language from which one can plausibly conclude that the Legislature intended for the amendment to apply to pending cases. If such was the intent, the Legislature could easily have inserted into the amendment the appropriate language to convey that intention. The contrary, however, is not true.

One of the sponsors of Bill No. 21-0195 made a pronouncement which can reasonably impel the conclusion that the statutory amendment was intended to have only prospective application. Admittedly, the legislature history, which is extremely brief, is not a paragon of clarity, but sufficient clarity exists to offer a plausible conclusion. In his discourse on the floor of the Legislature during consideration of the amendment, Senator Gerald Luz James, III, the Bill's primary sponsor, states: "*So this [Bill] would really affect individuals who will be looking to file suits against individuals who resides (sic) here in the Virgin Islands.*" The phrase, "**who will be looking to file suits**" is unambiguously futuristic in connotation and speaks of something or an occurrence or event in the future. Senator James' statement has additional importance, because conspicuously absent in the legislative history is any reference to the Amendment being applicable to pending cases. Therefore, the Court further concludes that the legislative history of Bill No. 21-0195, eschews an application to instances in which the issue of the security bond has already been decided, but it embraces a prospective application for the amendment.

### CONCLUSION

■ Accordingly, this Court concludes that the Act No. 6109 must be applied prospectively in cases pending at the time the Act became law and in which courts have already decided the security

bond issue. For the above reasons, defendants' motion to Increase the Security Bond from $ 1,000.00 for both defendants to $ 2,000.00 is DENIED.

DATED: June 5th, 1997