Sinclair Sec., LLC v Kudatzky (2021 NY Slip Op 50590(U))

[*1]

Sinclair Sec., LLC v Kudatzky

2021 NY Slip Op 50590(U) [72 Misc 3d 128(A)]

Decided on June 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-1300 N C

Sinclair Securities, LLC, Appellant,
against
Karla Kudatzky, Respondent, "John Doe" 1-10, "Jane Doe" 1-10, and
"Corp. ABC" 1-10, Undertenants. 

Rosenberg, Fortuna & Laitman, LLP (Brett D. Zinner of counsel), for appellant.
Skiff Law Firm, LLC (Gregory J. Skiff of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Scott Fairgrieve,
J.), dated June 21, 2019. The order granted tenant's motion for summary judgment dismissing the
petition in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
Landlord commenced this holdover proceeding by notice of petition and petition dated
January 7, 2019 to recover possession of a rent-stabilized apartment in Great Neck, New York on
the ground that tenant did not use the apartment as her primary residence as required by
Emergency Tenant Protection Regulations (ETPR) (9 NYCRR) § 2504.4 (d). Tenant
interposed an answer which denied most of landlord's allegations and asserted, as an affirmative
defense, among other things, that landlord failed to serve a timely notice of nonrenewal pursuant
to ETPR § 2503.5. By order dated June 21, 2019, the District Court granted tenant's
subsequent motion for summary judgment dismissing the petition on the aforementioned
ground.
Landlord concedes that it did not serve a notice of nonrenewal within the window period
provided by the ETPR but takes the position that it is not required to do so, contending that the
ETPR, unlike Rent Stabilization Code (9 NYCRR) § 2524.2 (c), does not explicitly require
a notice of nonrenewal. This argument is unavailing. In Golub v Frank (65 NY2d 900
[1985]), the Court of Appeals construed language requiring the service of renewal notices within
a specified period to also require, in the case of nonrenewal based upon nonprimary residence,
that a notice of nonrenewal be served within that window. In Crow v 83rd St. Assocs. (68
NY2d 796 [1986]), the Court of Appeals reaffirmed its holding. Thus, even absent codification,
the [*2]statutory requirement that a renewal notice be served
within a window period (see ETPR § 2503.5 [a]) mandates that a nonrenewal notice
be served within the same period (see Golub v Frank, 65 NY2d 900). Since landlord did
not serve a timely notice in accordance with ETPR § 2503.5 (a), tenant is entitled to a
renewal lease (see ETPR § 2503.5 [b]).
In view of the foregoing, we do not consider landlord's remaining argument.
Accordingly, the order is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2021